1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

UNITED STATES OF AMERICA,

CASE NO. 3:15-cr-05262-DGE

12

Plaintiff,

v.

ORDER DENYING
DEFENDANT'S MOTION TO
REDUCE SENTENCE

13

CHRISTOPHER JAMES PARSON,

14

Defendant.

15

16      This matter comes before the Court on Defendant Christopher James Parsons' Motion to

17  Reduce Sentence.  (Dkt. No. 52.)  The Court has considered the briefing filed in support of and

18  in opposition to the motion and hereby DENIES the motion.

19                  **I.      FACTUAL AND PROCEDURAL BACKGROUND**

20      In May 2015, Parson was charged with possession of child pornography in violation of

21  18 U.S.C. § 2252(a)(4)(B) and (b)(2) and receipt of child pornography in violation of 18 U.S.C.

22  § 2252(a)(2) and (b)(1).  (Dkt. No. 10.)  Defendant pled guilty to these charges in November

23  2015.  In June 2016, he was sentenced to 15 years imprisonment, lifetime supervision, and was

24

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE - 1

1  ordered to pay $10,000.00 in restitution. (Dkt. Nos. 24 and 45.)  Defendant is currently housed

2  at the Federal Correctional Institution in Texarkana, Texas ("FCI Texarkana") and is scheduled

3  to be released on February 22, 2028. (Dkt. No. 52.)

4      Parson filed the instant motion to reduce his sentence on January 14, 2022. (*Id.*)  Mr.

5  Parson, who previously contracted COVID-19 but has been fully vaccinated against the virus and

6  received a booster, argues that he has underlying health conditions, including migraines, asthma,

7  and mental health conditions, that may worsen if he contracts COVID-19 again. (*Id.*)  The

8  Government opposes Mr. Parson's motion, arguing that: 1) Parson has only exhausted his

9  administrative remedies as to his migraine condition; 2) Parson's medical conditions do not

10  create extraordinary or compelling circumstances sufficient justify a reduction in his sentence;

11  and 3) the factors for evaluating a sentence reduction under 18 U.S.C. § 3553(a) weigh against

12  granting Parson's motion. (Dkt. No. 60.)

### II.    LEGAL STANDARD

14      Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of

15  imprisonment "constitutes a final judgment and may not be modified by a district court except in

16  limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations

17  omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective

18  December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision

19  that allows prisoners to directly petition a district court for a reduction in sentence (also known

20  as compassionate release):

21       (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion
       of the defendant after the defendant has fully exhausted all administrative rights to
22       appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf
       or the lapse of 30 days from the receipt of such a request by the warden of the
23       defendant's facility, whichever is earlier, may reduce the term of imprisonment (and
       may impose a term of probation or supervised release with or without conditions

24

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE - 2

that does not exceed the unserved portion of the original term of imprisonment),
after considering the factors set forth in section 3553(a) to the extent that they are
applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;
\*\*\*
and that such a reduction is consistent with applicable policy statements issued by
the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A).  Accordingly, a court may reduce a sentence upon motion of a

defendant provided that: (1) the inmate has either exhausted his or her administrative appeal

rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or

has waited until 30 days after the applicable warden has received such a request; (2) the inmate

has established "extraordinary and compelling reasons" for the requested sentence reduction; and

(3) the reduction is consistent with the Sentencing Commission's policy statement. (*Id.*)

The Sentencing Commission's policy statement referenced in 18 U.S.C. §

3582(c)(1)(A)(i) provides, in relevant part:

[T]he court may reduce a term of imprisonment (and may impose a term of
supervised release with or without conditions that does not exceed the unserved
portion of the original term of imprisonment) if, after considering the factors set
forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court
determines that—
(1)(A) Extraordinary and compelling reasons warrant the reduction;
\*\*\*
(2) The defendant is not a danger to the safety of any other person or to the
community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.  However, the Ninth Circuit has held

that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining

the many circuits across the country.  *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir.

2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the

current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. §

1   3582(c)(1)(A) motions filed by a defendant.") (internal citation omitted)); *see also United States*

2   *v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th

3   Cir. 2020).  Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its

4   discretion.

5          Therefore, on a defendant-initiated motion under the First Step Act, the defendant must

6   show that they have exhausted their administrative remedies and that they have extraordinary

7   and compelling reasons to warrant their release, and the Court must consider the sentencing

8   factors under 18 U.S.C. § 3553(a).

9                              **III.     DISCUSSION**

10         **A.      Motion to Seal.**

11         Defendant asks the Court to allow him to file his medical records under Seal because they

12  contain sensitive information.  (Dkt. No. 53.)  The Government does not oppose Defendant's

13  motion.

14         The First Amendment protects the public's right of access to criminal trials.  *See, e.g.,*

15  *Globe Newspaper Co. v. Super. Ct. for Norfolk Cty.*, 457 U.S. 596, 606 (1982).  The public also

16  has a common law right to inspect and copy public records, including those from judicial

17  proceedings.  *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978).  But these rights are not

18  absolute.  They must yield when (1) sealing a document serves a compelling interest, (2) that is

19  substantially likely to be harmed if the document is not sealed, and (3) there are no less

20  restrictive alternatives for protecting the interest.  *See United States v. Doe*, 870 F.3d 991, 998

21  (9th Cir. 2017).

22         The Court has reviewed the documents at issue and finds that sealing them would serve a

23

24

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE - 4

1 compelling interest in protecting the privacy of the Defendant.  *Gary v. Unum Life Ins. Co. of*

2 *Am.*, 2018 WL 1811470, at *3 (D. Ore. Apr. 17, 2018) (finding no cases where medical

3 information was not allowed to be filed under seal under the "compelling reasons" standard).

4      Accordingly, Defendant's motion to seal his medical records is GRANTED.

5      **B.      Motion for Compassionate Release.**

6      "[D]istrict courts are 'empowered . . . to consider *any* extraordinary and compelling

7 reason for release that a defendant might raise.'"  *Aruda*, 993 F.3d at 801 (quoting *United States*

8 *v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)) (emphasis and alteration in original)).  A non-

9 exhaustive list of factors other federal courts have considered in determining whether a

10 defendant has extraordinary and compelling reasons for compassionate release in the context of

11 COVID-19 include:

12      (i) whether the inmate is at higher risk because of his or her age and/or race, *see*
        *United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D.
13      Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-
        documented, chronic health conditions that render him or her more vulnerable to
14      COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016,
        at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were
15      'not merely self-diagnosed,' but rather "medically documented and verified");
        *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7
16      (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and
        liver abnormalities was in a 'higher risk category'); (iii) the fatality rate for
17      individuals with similar health conditions as compared with the overall fatality rate
        for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v.*
18      *Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020)
        (granting a motion brought by a defendant suffering from pancytopenia, which is
19      associated with an 'over fivefold enhanced risk of severe COVID-19'); (iv) whether
        the inmate has previously tested positive for the coronavirus that causes COVID-
20      19 and, if so, whether the inmate suffers from any long-term effects of the disease*,*
        *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–
21      4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought
        by an inmate who recovered from and was 'not suffering from any reported
22      lingering symptoms' related to COVID-19); and (v) whether the inmate's release is
        expected to reduce the risk of him or her contracting COVID-19, see *United States*
23      *v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10,

24

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE - 5

2020) (declining to release a defendant to a situation that 'would likely place him at greater risk').

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619 at (W.D. Wash. July 8, 2020).

The Court finds the above factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with COVID-19 cases. *See, e.g., Young*, 2020 WL 2614745, at *3 (a 64-year-old defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors).

Here, Parson states that he is overweight, suffers from migraines, asthma, and mental health issues. (Dkt. No. 52 at 7.) Parson also presents a declaration from Mark Stern, M.D., who did not review Parson's medical records, but stated that as a general proposition, infectious diseases such as COVID-19 that are transmitted via the air or touch are more likely to spread in places like prisons where people live and sleep in close proximity. (Dkt. No. 55-1.) Dr. Stern stated that while previously being infected with COVID-19 provides some protection against reinfection, "it is not an absolute protection and we do not know for sure how long protection lasts", and added that it is unclear whether previous infection will protect individuals from new COVID-19 variants. (*Id.*) Dr. Stern opined that while COVID-19 vaccines are "highly effective", they are not 100 percent effective at preventing infection, and it is unclear whether vaccines will be effective against emerging COVID-19 variants. (*Id.*)

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE - 6

Dr. Stern is an experienced physician who has provided the Court will useful general information about the risks of COVID-19 infection in prisons.  Notwithstanding, he did not opine on whether Parson himself faces a heightened risk of severe illness or death sufficient to justify a finding that extraordinary and compelling reasons justify reducing Parson's sentence.

In addition, although being fully vaccinated is not conclusive on a motion for compassionate release, it is consistent with this Court's precedent to find that absent a specific showing that the defendant themselves remains particularly susceptible to infection, vaccination cuts against a finding of extraordinary and compelling reasons.  *See, e.g., United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).  In this case, Defendant has received two doses of the Moderna vaccine against COVID-19 as well as a booster shot.  He also has been previously infected with COVID-19, which Dr. Stern stated may provide some additional protection against re-infection.  (Dkt. Nos. 55-1 and 60.)

Nonetheless, Defendant argues that while vaccines have "greatly improved the landscape" with respect to the risk prisoners face from COVID-19, breakthrough infections and new virus variants continue to place prisoners at risk, and that his combination of health issues, taken together with the current upsurge in COVID-19 infections nationwide, make his situation extraordinary and compelling.  (Dkt. No. 62.)  However, the Centers for Disease Control and Prevention has found that in people ages 18 years and older, the Moderna COVID-19 vaccine was 94.1% effective at preventing laboratory-confirmed COVID-19 infection in people who received two doses and had no evidence of being previously infected.[1]  This information combined with the absence of medical records or opinions indicating Defendant is at a

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE - 7

heightened risk of severe illness or death due to COVID-19 reinfection weigh against

Defendant's request.

At this time, because Parson has been vaccinated and because there is insufficient

medical evidence presented to concluded Defendant is at a heightened risk of severe illness or

death due to COVID-19, Defendant has not established extraordinary and compelling reasons to

warrant compassionate release.  His motion for compassionate release is, therefore, DENIED

without prejudice.[2]

## IV.    ORDER

Having reviewed Defendant's motion, the Government's response, Defendant's reply,

and the remaining record, the Court finds and ORDERS:

(1) Parson's motion to seal his medical records (Dkt. No. 53) is GRANTED.

(2) Parson's motion to reduce his sentence (Dkt. No. 52) is DENIED without prejudice.

Dated this 24th day of February, 2022.

David G. Estudillo
United States District Judge

---

[2] Because Parson has not established extraordinary and compelling reasons to warrant compassionate release, the Court will not consider whether he exhausted his administrative remedies or the applicability of the § 3553(a) factors.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE - 8